**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIEGO PEDRO-DIEGO, et al., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-115 <br><br> Agency Nos. <br> A216-899-975 <br> A216-899-976 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.

Diego Pedro-Diego and his minor daughter,[1] citizens of Guatemala, petition

for review of a decision by the Board of Immigration Appeals ("BIA") affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner Diego Pedro-Diego is the Lead Petitioner in this case. His minor daughter is a derivative applicant who filed a separate application based on the same facts.

denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal conclusions *de novo* and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we deny the petition.

1.     The BIA ruled that Lead Petitioner is not eligible for asylum and withholding of removal because he did not establish past persecution or a well-founded fear of future persecution on account of a statutorily protected ground. Substantial evidence supports that finding. Lead Petitioner's sole encounter with gang members occurred more than fourteen years before the merits hearing, and the record contains no evidence that the gang harmed him or wanted to recruit him because of his Mayan ethnicity or membership in his proposed social group. To the contrary, Lead Petitioner testified that the gang members harmed him because he refused to drink beer and smoke with them after they encountered him in the street. *See Ayala v. Holder*, 640 F.3d 1095, 1097–98 (9th Cir. 2011) (per curiam) ("Even assuming [the proposed group is cognizable, the petitioner] must establish that any persecution was or will be on account of his membership in such group.").

To the extent that Lead Petitioner's fear of return to Guatemala is due to fear of gang violence or recruitment in his hometown, the agency permissibly determined that general criminality and lawlessness do not suffice to establish eligibility for

asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (The "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Because Lead Petitioner did not establish a nexus between his feared persecution and any protected ground, we deny the petition with respect to asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims.").

2.      To succeed on his CAT claim, Lead Petitioner must demonstrate that he is at risk of torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18. The IJ found that, although the harm Lead Petitioner experienced when he was ten years old qualified as torture, Lead Petitioner failed to "establish[] that this harm was done to him at the acquiescence of or with the willful blindness of the [Guatemalan] government." The agency considered evidence of the country conditions in Guatemala and concluded that the government attempts to enforce its law, despite "significant challenges controlling organized crime and violence in general." *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."); *see also Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (holding that dangerous country conditions alone were insufficient to sustain petitioner's

burden for CAT protection).  Since the 2008 incident, neither Lead Petitioner nor his daughter has been physically harmed or threatened in Guatemala, and they do not claim that any specific person or group currently wants to harm them.  Thus, substantial evidence supports the finding that Petitioners do not face a "particularized threat of torture" by, or with the acquiescence of, any government official.  *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted).

**PETITION DENIED.**